WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominique Daron Ewing,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-13-02571-PHX-JAT<br><br>**ORDER** |

**I.   Status of this case**

On December 17, 2013, Petitioner filed a Petition for Writ of Habeas Corpus. On October 16, 2014, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending the Petition be denied and dismissed with prejudice. Doc. 22. Petitioner did not file objections to the R&R, and on November 20, 2014, this Court accepted and adopted the R&R and denied and dismissed the Petition. Docs. 23 and 24.

Later, this Court discovered Petitioner may not have been receiving correspondence from the Court. Doc. 25. This Court permitted Petitioner to move to reopen the case and contemporaneously file his objections to the R&R by March 6, 2015. *Id.* On March 5, 2015, this Court received Petitioner's objections to the R&R. Doc. 26. The Court will construe this filing as both objections and a motion to reopen this case.

**II.   Reopening case**

Consistent with this Court's February 5, 2015 Order (Doc. 25), the Court will

grant Petitioner's motion to reopen and consider his objections de novo.

## III. Review of R&R

As indicated above, pending before this Court is Petitioner's Petition for Writ of Habeas Corpus and an R&R recommending the Petition be denied and dismissed with prejudice. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

As indicated above, Petitioner has now filed objections to the R&R. Accordingly, the Court will review the portions of the R&R to which there is an objection de novo.

## IV. Petition

### A. Factual Background

In his objections, Petitioner states, "The petitioner concedes to the correctness of the factual background…." Doc. 26 at 1. Accordingly, this Court accepts and adopts the factual background from the R&R, which is as follows:

> I. Procedural Background
>     A. Charges, Guilty Plea, and Sentencing
>     On November 10, 2010, Petitioner was indicted in the Maricopa County Superior Court on the following charges: (1) first-degree murder, a class one dangerous felony (Count One); (2) attempted armed robbery, a

- 2 -

class three dangerous felony (Count Two); (3) kidnapping, a class two dangerous felony (Count Three); (4) aggravated assault, a class three dangerous felony (Count Four); and (5) burglary in the first-degree, a class two dangerous felony (Count Five). (Doc. 17, Ex. A.) The State also alleged the following aggravating circumstances: (1) the offenses involved the infliction or threatened infliction of serious physical injury; (2) the offenses involved the use, threatened use, or possession of a deadly weapon or dangerous instrument during the commission of the crime (a gun); (3) the offenses involved the presence of an accomplice; (4) Petitioner committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value; (5) the offenses caused physical, emotional, or financial harm to the victim's immediate family; and (6) if the jury convicted Petitioner of multiple counts not used to enhance his sentence, the State alleged that the offenses resulted in multiple convictions. [footnote omitted] (Doc. 17, Ex. B.)

On August 29, 2011, Petitioner entered into a plea agreement with the State. (Doc. 17, Ex. D.) The plea agreement provided that Petitioner would plead guilty to first degree murder, which carries a presumptive sentence of twenty-five years to life imprisonment. (*Id.* at 1.) The plea agreement also stated that Petitioner would be sentenced to the Arizona Department of Corrections and would pay restitution to the victims in an amount up to $50,000. (*Id.*) In exchange for Petitioner's guilty plea, the State agreed to dismiss the other charges against him. (*Id.*) Paragraph six of the plea agreement provided that Petitioner waived "any and all motions, defenses, objections, or requests which he has made or raised or could assert hereafter to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement." (*Id.* at 2.) Paragraph eleven of the plea agreement stated that Petitioner understood that by pleading guilty he was giving up "[his] right to remain silent, [his] privilege against self-incrimination, [and] presumption of innocence." (*Id.*)

On August 29, 2011, the court held a change-of-plea hearing. (Doc. 17, Ex. E.) At the outset of the hearing, the court asked Petitioner's counsel whether he had any reason to believe that Petitioner was not competent to enter a guilty plea. (*Id.* at 4.) Defense counsel responded "no," and stated that Petitioner was "an intelligent young man." (*Id.*) In response to the court's questions, Petitioner confirmed that he had not taken any medication, consumed any alcohol, or used any drugs that interfered with his ability to understand the proceedings. (*Id.*) He stated that he had discussed the plea agreement with counsel before signing it, that he initialed each paragraph of plea agreement, that he understood the plea agreement, that no promises had been made to him other than those contained in the plea agreement, and that he was not forced or threatened to enter the plea agreement. (*Id.* at 5-6, 12.) He also stated that counsel had answered his questions about the plea agreement and that counsel had done "an excellent job." (*Id.* at 5-6.)

The court recited the charge to which Petitioner was pleading guilty, advised Petitioner of his sentencing exposure, and of the constitutional rights and appeal rights he was waiving by pleading guilty. (*Id.* at 7-8, 10-12.) The court also explained that Petitioner faced a sentence of twenty-five years to life imprisonment and that he would serve "every day" of that sentence and that he was not eligible for any early release. (*Id.* at 8-9.) Petitioner affirmed that he understood the charge and his potential sentence and that he agreed to waive his rights and plead guilty. (*Id.* at 7-8, 12.) Petitioner's counsel provided a factual basis for the guilty plea and

- 3 -

Petitioner affirmed that he had committed the acts contained in the factual basis. (*Id*. at 12-14.) The trial court found that Petitioner entered the guilty plea knowingly, intelligently, and voluntarily and accepted the guilty plea. (*Id*. at 14.)

The trial court held a sentencing hearing on October 14, 2011. (Doc. 17, Exs. G, H.) During the sentencing hearing, defense counsel advised the court that Petitioner had no prior criminal record, he had earned his GED, and that, before the incident giving rise to his conviction, "he was in college" and had earned "two A's and two B's in his semester." (Doc. 17, Ex. G. at 20.) Counsel also stated that Petitioner was "intelligent." (*Id*. at 20.) The court sentenced Petitioner to twenty-five years to life imprisonment, in accordance with the plea agreement. (*Id*. at 25; Doc. 17, Ex. H.) The court also ordered Petitioner to pay $5,763.94 in restitution. (Doc. 17, Ex. G. at 25.)

### B. Post-Conviction Proceeding

On December 29, 2011, Petitioner filed a notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 17, Ex. I.) On January 9, 2012, the court appointed the Office of the Legal Advocate to represent Petitioner and ordered transcripts. (Doc. 17, Ex. J.) The Office of Legal the Advocate moved to withdraw based on a conflict and, on February 27, 2012, the court appointed Robert Gaffney as counsel for Petitioner. (Doc. 17, Exs. K, L.) On May 29, 2012, Petitioner's counsel filed a notice of completion of post-conviction review and advised the court that he was "unable to find a meritorious issue, including a claim of ineffective assistance of counsel, to justify the filing of a Petition in this matter." (Doc. 17, Ex. M.) The court granted Petitioner forty-five days to file a pro se petition for post-conviction relief. (Doc. 17, Ex. N.) Petitioner filed a petition for post-conviction relief on August 23, 2012. (Doc. 17, Exs. O, P, Q.)

In his petition, Petitioner asserted that trial counsel was ineffective because counsel lied to him after he refused to sign a plea agreement that provided for a sentence of twenty-five years to life imprisonment. (Doc. 17, Ex. Q.) Petitioner argued that trial counsel told him and his family members that he would only serve fifteen years' imprisonment because he would only have to serve eighty-five percent of his sentence. (*Id*.) He asserted that trial counsel told him that his plea agreement was more favorable than his co-defendant's plea agreement. (*Id*.) Petitioner asked the post-conviction court to correct his sentence. (*Id*.)

The State responded to the petition and argued that Petitioner failed to assert a colorable claim for ineffective assistance of counsel. (Doc. 17, Ex. R at 6) The State noted that Petitioner had not included an affidavit from trial counsel or any witness who knew about the alleged "secret deal" regarding his sentence under the plea agreement. (*Id*.) The State also noted that Petitioner's claims contradicted the statements he made during the change-of-plea hearing, including his statement that no promises had been made to him other than the promises contained in the plea agreement, and the trial court's statement that Petitioner would serve twenty-five calendar years and would not be eligible for early release after serving only eighty-five percent of his sentence. (*Id*. at 6-7.)

Petitioner replied to the State's response and requested an evidentiary hearing. (Doc. 17, Ex. S.) In his reply, he reiterated that trial counsel told him he would only have to serve eighty-five percent of his sentence. (*Id*.) Petitioner attached an affidavit from his aunt stating that Petitioner's trial counsel had told her that he would not get a life sentence

and that he would be eligible for parole. (*Id*.)

On November 27, 2012, the trial court denied Petitioner's request for an evidentiary hearing and dismissed the petition for post-conviction relief. (Doc. 17, Ex. T.) The court found that Petitioner's allegations regarding trial counsel's statements to him "were in direct conflict with what [Petitioner] himself said at the change of plea proceeding." (*Id*. at 2.) The court also found that Petitioner's allegations were "not supported by any independent verification or any supporting affidavit as required by Rule 32.5 [of the] Arizona Rules of Criminal Procedure." (*Id*.) The court further found that "[b]ecause there is no credible evidence of a secret deal, and [Petitioner] himself stated that he understood the sentence he now complains of, the Court does not believe that [Petitioner] can establish that his attorney was ineffective." (*Id*.) Petitioner did not petition the Arizona Court of Appeals for review of the denial of his petition for post conviction relief. (Doc. 1 at 5.)

Doc. 22 at 1-5.

### B. Claim in the Federal Habeas Petition

Petitioner made one claim in his Petition: that his confession/statements to the police were inadmissible, and thus tainted his plea negotiations. Doc. 22 at 5. The R&R concludes that due to Petitioner's plea, this claim is not cognizable as a basis for federal habeas relief. Doc. 22 at 6-7. Alternatively, the R&R conclude that this claim is procedurally barred. Doc. 22 at 7-10.

In his objections, Petitioner purports to be objecting to the R&R's conclusion regarding his claim that his statements were illegally obtained. Doc. 26 at 1. However, in reality his objections are targeted to the issue he raised in his post-conviction relief petition in state court; specifically: that his attorney failed to explain to him the sentence he was facing under the plea agreement. Doc. 26 at 3.[1] Petitioner makes no legal or factual argument in his objections regarding his statements and/or confession.

Turning first to the claim raised in the Petition wherein Petitioner claims his statements were illegally obtained by law enforcement, the Court agrees with the R&R both that this claim is not cognizable on habeas as a result of Petitioner's plea agreement, and alternatively that this claim is procedurally barred. Accordingly, the R&R will be

---

[1] One difference between the state court post-conviction relief proceedings and the objections is that in the state court proceeding, Petitioner claims his counsel told him he would serve 15 years, Doc. 22 at 4, but in his habeas Petition he claims his counsel told him he would serve 20 years, Doc. 26 at 3.

- 5 -

accepted and adopted as to this claim and relief will be denied.

Regarding Petitioner's "claim" raised in his objections (that counsel was ineffective for failing to advise him of the sentence he faced following the plea), the Court will construe the objections liberally as a request to amend his Petition to add a second claim. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). As discussed above, the claim was presented to the state court in Petitioner's petition for post-conviction relief.

Because this claim was exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny relief on this claim unless the "state court decision [was] contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

This Court has reviewed the state court's determination on post-conviction relief that Petitioner's claim that his counsel did not advise him thoroughly is so contradicted by the record of the trial court at the change of plea hearing that the claim lacks credibility. This Court finds that the state court's factual findings and legal conclusions are not contrary to nor an unreasonable application of federal law, nor did the state court unreasonably determine the facts.

Accordingly, Petitioner, if allowed to amend his Petition, would not be entitled to relief on this claim. Thus, construing the objections liberally as a request for leave to amend to add this theory of ineffective assistance of counsel,[2] the Court denies the request for leave to amend because it is futile.

---

[2] Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." Rule 15(a) allows a party to amend his complaint by leave of the court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the Ninth Circuit Court of Appeals has found that a district court was correct in denying leave to amend a habeas petition where allowing the amendments would be futile. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).

**V.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to reopen (construed by this Court to be part of Doc. 26) is granted; accordingly, this Court's prior Order and Judgment dismissing this case (Docs. 23 and 24) are vacated.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 22) is accepted and adopted; the objections are overruled (Doc. 26); to the extent the Court construed the objections as seeking leave to amend, leave to amend is denied; accordingly, the Clerk of the Court shall enter judgment denying and dismissing the Petition, with prejudice.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

Dated this 4th day of June, 2015.

James A. Teilborg
Senior United States District Judge